UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD W. COVINGTON, JR. | * | NO:   16-12316 |
| | * | |
| VERSUS | * | SECTION:   A |
| | * | JUDGE JAY C. ZAINEY |
| NOBLE DRILLING (U.S.) LLC | * | MAGISTRATE: 2 |
| | * | JUDGE JOSEPH C. WILKINSON, JR. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S WITNESS AND EXHIBIT LIST

NOW INTO COURT, through undersigned counsel, comes plaintiff, DONALD W. COVINGTON, JR., who submits the following list of witnesses and exhibits upon which he may rely at trial:

## WITNESS LIST

1. Donald Covington, Jr. - fact witness to testify concerning all facts surrounding the accident, his medical treatment, his damages and all other issues;

2. Artie Covington - fact witness to testify concerning all facts surrounding the accident, his medical treatment, his damages and all other issues;

3. Damon McCoy – Noble Drilling former employee to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages;

4. Leigh Sutherland – Noble Drilling former employee to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages;

5. Dalton Campbell – Noble Drilling employee to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the


      same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages;

6. Mike Bexton - Noble Drilling employee to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages;

7. Arturo Sandoval - Noble Drilling employee to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages;

8. Jeff Byous - Noble Drilling employee to testify concerning the facts and circumstances surrounding the accident, plaintiff's job duties, performance and abilities prior to the accident, all facts and circumstances surrounding the procedure being performed at the time of the accident including prior and subsequent performance of the same procedure or a similar procedure, all equipment being used at the time of the accident including any changes to the equipment following the accident, and any other relevant testimony concerning the plaintiff, his accident, and his damages;

9. Dr. Thomas Lyons, Orthopedic Center for Sports Medicine – medical expert testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

10. Dr. Bradley J. Bartholomew – medical expert testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

11. Dr. Eric J. Pearson, Total Pain Care - medical expert testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

12. Dr. Russell McArthur, McArthur Chriopractic – medical testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

13. Dr. Laura Anderson, Meridian Medical Associates – medical testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

14. Dr. James Green, Meridian Orthopaedic Clinic – medical testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

15. Anna Petry, OTR, The Fontana Center – medical testimony concerning plaintiff's functional capacities;

16. Dr. Stacey Thaggard, Anderson Regional Medical Center – medical testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

17. Dr. Shannon Mott, Anderson Regional Medical Center – medical testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

18. Jana Bowles, DPT, Rush Foundation Hospital - medical testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

19. Dr. Brian Carrier, Sugar Land Diagnostic Center/West Houston Medical Center - medical testimony concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future medical expenses, any other relevant medical issue concerning plaintiff's medical treatment or physical condition;

20. Thomas Meunier, Jr., L.P.C., L.R.C. - vocational rehabilitation expert to provide expert testimony concerning loss of wage earning capacity sustained by plaintiff, plaintiff's

vocational assessment for future employment including areas of employment and plaintiff's wage earning capacity in light of his injury, surgery, background, area in which he lives and physical limitations;

21. G. Randolph Rice, Ph.D - expert economist to provide expert testimony concerning the present day value of plaintiff's loss of past and future wages, fringe benefits and other financial losses as a result of plaintiff's injury and subsequent restrictions;

22. Kenneth Ronald Laughery, Jr., Ph.D. – human factors and ergonomics expert to provide expert testimony concerning all issues of negligence, liability, dangerous acts, actions below the standard of care in the industry and all issues of negligence or liability on the part of the defendants as well as any alleged comparative fault on the part of plaintiff;

23. Functional capacity expert to provide expert testimony concerning plaintiff's functional capacities;

24. Any and all witnesses listed by any other party in this matter;

25. Any and all other witnesses needed for impeachment or rebuttal testimony;

As discovery is ongoing plaintiff reserves the right to amend this Witness List.

## **EXHIBIT LIST**

1. Noble's Answers to Interrogatories;

2. Noble's Responses to First Set of Request for Production;

3. Noble's Responses to Second Set of Request for Production;

4. Noble's Supplemental Answers to Interrogatories;

5. Noble's Supplemental Responses to First Set of Request for Production;

6. Noble's Answers to Second Set of Interrogatories;

7. Noble's Responses to Third Set of Request for Production;

8. Noble's Responses to Fourth Set of Request for Production;

9. Noble's Responses to Fifth Set of Request for Production;

10. Noble's Unplanned Event - Consequence Report dated September 17, 2015;

11. Noble's First Report of Unplanned Event dated September 17, 2015;

12. Noble's Unplanned Event - Event Report dated April 21, 2016;

13. Noble's Unplanned Event - Consequence Report dated April 21, 2016;

14. Noble's First Report of Unplanned Event dated April 21, 2016;

15. Noble's Rog Medical Treatment Authorization Form dated April 21, 2016;

16. Noble's Record of Hotline Call dated April 19, 2016;

17. Plaintiff's personnel file from Noble;

18. Photographs taken by plaintiff;

19. Noble's Offshore Report Package Cover Sheet(s) dated April 20, 2015;

20. Noble's Drilling Reports of Crew Safety Meeting dated September 14, 21, 28, 2015;

21. Noble's Pre-Job/Tour Safety Meeting Form for September 2015;

22. Noble's Weekly Sanitation and Accommodation Inspection dated September 15, 23, 27, 2015;

23. Noble Paul Romano's BSEE Checklists for September 2015;

24. Noble's Harzard Hunt for September 2015;

25. Noble's Emergency Drill Reports for September 2015;

26. Noble's Life Saving Equipment Report for September 2015;

27. Noble's DROPS Rig Management Meeting Notes for September 2015;

28. Noble's Drilling Reports of Crew Safety Meetings for September 1, 2015 and October 3, 2015;

29. Noble's Pre-Job/Tour Safety Meeting Forms for August, September and October 2015;

30. Noble's Daily Drilling Reports for August, September and October 2015;

31. Noble's JSAs for April, May and September 2015;

32. Noble's Safety Manual;

33. Noble's emails regarding the subject accident;

34. Noble's Job Description – Electrician Assistant;

35. Noble's Permits to Work for September 17 and 18, 2015;

36. Noble's WIM Reports for September 17, 2015;

37. Noble's Gas Test Certificate for September 17, 2015;

38. Noble's Electrical Isolation Certificate for September 17, 2015;

39. Noble's Critical Lift Permit to Work for September 17, 2015;

40. Noble's Mechanical Isolation Certificate for September 17, 2015;

41. Plaintiff's IRS Records;

42. Plaintiff's SSA Records;

43. Plaintiff's 2014 and 2015 W-2s;

44. Personnel file of Damon McCoy;

45. Personnel file of Dalton Campbell;

46. Plaintiff's demand for maintenance and cure dated July 19, 2016;

47. Plaintiff's demand for approval and payment of facet blocks and surgery dated August 16, 2016;

48. Plaintiff's October 5, 2016 email follow up regarding demand for maintenance and cure;

49. Plaintiff's demand for reimbursement and payment of medicals dated October 10, 2016;

50. Plaintiff's November 9, 2016 email follow up regarding demand for maintenance and cure;

51. Plaintiff's January 16, 2017 email follow up regarding demand for maintenance and cure;

52. Plaintiff's March 16, 2017 email follow up regarding demand for approval of injections and surgery;

53. Orthopedic Center for Sports Medicine - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical

films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

54. Dr. Bradley Bartholomew - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

55. Total Pain Care - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

56. McArthur Chriopractic - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

57. Meridian Medical Associates - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

58. Meridian Orthopaedic Clinic - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

59. The Fontana Center - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

60. Anderson Regional Medical Center - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

61. Rush Foundation Hospital - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

62. Sugar Land Diagnostic Center/West Houston Medical Center - certified copy of medical records, therapy records, medical reports, diagnostic testing reports; medical invoices or bills, medical films including x-rays or MRIs, or other written documentation relating to plaintiff's past and future medical treatment;

63. CVS Pharmacy Records;

64. Express Scripts Pharmacy Records;

65. Sam's Club Pharmacy Records;

66. Walgreen's Pharmacy Records;

67. Wal-Mart Pharmacy Records;

68. Any and all documents or sources relied upon by any experts in this matter including Thomas Meunier, G. Randolph Rice, Ph.D and Kenneth Ronald Laughery, Jr., Ph.D. Such exhibits include but are not limited to, government sources and publications relied upon by such experts, interest rate tables, and any other documents as relied upon or referenced by such experts;

69. Any drawings attached to any witness depositions, including the deposition of plaintiff;

70. Any and all documents needed for impeachment and rebuttal testimony;

71. Any and all exhibits listed by any other party.

As discovery is ongoing plaintiff reserves the right to amend this Exhibit List.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system this 17th day of March, 2017. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system and/or U.S. Mail or electronic means.

  /s/ *Tammy D. Harris*
   TAMMY D. HARRIS

Respectfully Submitted,

*/s/ Tammy D. Harris*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
THE YOUNG FIRM
400 Poydras Street, Suite 2090
New Orleans, Louisiana 70130
Telephone:  (504) 680-4100
Facsimile:  (504) 680-4101